1  Mark Mausert, Esq.
   Nevada Bar # 002398
2  930 Evans Avenue
   Reno, Nevada 89512
3  (775) 786 5477

4  Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

U.S. DIST____ ____
DISTRICT OF NEVADA
FILED
DEC _ 7 2005
CLERK, U.S. DISTRICT COURT
BY _____ DEPUTY

KIM BOHLMAN,

    Plaintiff,

vs.

SILVER LEGACY CAPITAL CORP.,
dba SILVER LEGACY CASINO
and DOES I-X,

    Defendants.
_____/

CASE NO. CV-N-05-666

COMPLAINT AND JURY DEMAND

COMES NOW plaintiff, through her attorney, and hereby complains of defendants as follows:

### Jurisdiction, Venue, Parties & Jury Demand

1. Plaintiff is an adult woman who resides in northern Nevada, i.e., in Washoe County, State of Nevada. Almost all, if not all, acts, statements and omissions herein alleged occurred in northern Nevada, where at plaintiff is employed and has been employed by defendant Silver Legacy Capital Corp., dba Silver Legacy Casino (hereinafter "Casino"). Plaintiff has obtained a "Notice of Right to Sue" from the Equal Employment Opportunity Commission. This "Complaint and Jury Demand" is timely filed in accordance therewith, said "Notice of Right to Sue" having been mailed by the Equal Employment Opportunity Commission on November 16, 2005. Plaintiff hereby requests a jury trial relative to all issues so triable.

2. Defendant Casino is a corporation, company, partnership or other legal entity which

does a substantial amount of business in northern Nevada, i.e., in Washoe County, where at it maintains a large casino/hotel/restaurant enterprise known as the "Silver Legacy Casino." Defendant Casino, at all times herein mentioned, employed at least fifteen persons on a full-time basis for at least twenty weeks per year.

3. Doe defendants I through X are persons, corporations, partnerships, associations or other legal entities which are in some way responsible for plaintiff's injuries or damages. When plaintiff learns of the identities of these doe defendants she will seek leave of this Court, if necessary, so as to file a "First Amended Complaint and Jury Demand," and thereby name doe defendants, so as to hold them responsible..

4. This Court has subject matter jurisdiction over this case pursuant to Title 28, section 1331 of the United States Code and pursuant to Title 42, section 2000e of the United States Code. This Court has subject matter jurisdiction because plaintiff is a member of a federally protected class, i.e., plaintiff is a woman, who was subjected to harassment "because of sex" as prohibited by Title 42, section 2000e of the United States Code. Plaintiff was subjected to retaliatory hostility because she opposed sexual hostility which defendant Casino created and/or tolerated in its work environment.

### First Cause of Action
### (Sexual Harassment)

5. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 4, inclusive, as well as all other allegations contained in all other paragraphs, as though the same were fully stated herein.

6. Plaintiff commenced employment for defendant Casino in July, 1995. Plaintiff commenced working for defendant Casino in the capacity of a model and was promoted to the position of Lead Spokesmodel. In this latter capacity plaintiff supervised and was responsible for the safety and well-being of a number of young, female employees, who were employed as models for defendant Casino.

7. In late 2003 or early 2004 defendant Casino hired a male employee, Jim Lordon, in the capacity of Entertainment Director. Mr. Lordon commenced to sexually harass plaintiff and subsequently escalated his course of harassment, i.e., Mr. Lordon harassed plaintiff's female subordinates, as well as plaintiff. Mr. Lordon made sexual remarks to plaintiff about her body, e.g., "you have a nice chest, I bet your husband likes to play with them"; told plaintiff to wear tighter clothes, told plaintiff and her female subordinates to wear shorter skirts; used derogatory names to refer to women, e.g., he referred to plaintiff as "blond hair, big tits" as a "cunt" and a "shank"; made statements of intent re having sexual relations with plaintiff's subordinates; made remarks about having an erection; stared in an overtly sexual manner at plaintiff and her female subordinates; made sexual remarks about plaintiff's female subordinates; isolated himself with plaintiff's female subordinates; made an assortment of sexual remarks on a regular basis; and otherwise created a sexually hostile and offensive work environment. A reasonable woman, similarly situated to plaintiff, would have been offended by the sexual hostility present in plaintiff's work environment. Plaintiff herself was offended thereby.

8. Plaintiff complained repeatedly to defendant Casino's Human Resource Manager, Karen Goforth, of the sexually inappropriate conduct and statements of Entertainment Director Lordon. Plaintiff complained because she believed, erroneously, defendant Casino would actually enforce the paper sexual harassment policy which defendant Casino promised plaintiff it would enforce. Rather than timely enforcing said policy defendant Casino warned plaintiff to cease complaining, so as to avoid getting into trouble. Defendant Casino delayed enforcing its paper sexual harassment policy for approximately fourteen months after receiving plaintiff's first complaint of Director Lordon. During this interim plaintiff continued to complain of Lordon's sexual harassment activities and eventually reduced her complaints to writing in order to attempt to protect her female subordinates from the sexual predation of Director Lordon. Finally, defendant Casino terminated Lordon's employment. Thereafter though defendant Casino isolated plaintiff and subjected plaintiff to retaliatory hostility. Said retaliatory hostility included,

but was not limited to, a derisive remark made by Manager Gary Carano and directed at plaintiff. Said remark was made openly and loudly, in the presence of a significant number of Casino employees.

9. As a direct and proximate result of being subjected to sexual harassment and retaliatory hostility plaintiff has suffered loss of enjoyment of life, fear, anxiety, anger, humiliation and emotional distress. It has been necessary for plaintiff to incur costs and to retain counsel in order to attempt to vindicate her federally protected right to a workplace free of sexual harassment and retaliatory hostility.

WHEREFORE plaintiff requests the following relief:

1. For an award of compensatory relief;

2. For an award of punitive damages;

3. For an award of costs and a reasonable attorney's fees; and

4. For such other relief, including injunctive relief in order to compel defendant Casino to adopt and actually enforce a reasonable policy against sexual harassment, as the Court or jury may deem just and appropriate.

DATED this 6th day of December, 2005.

MARK MAUSERT, ESQ.